Frost, J.
dissenting.
By the deed, Daniel Bourdeaux does “ grant, bargain, covenant, and agree” with Daniel Miller and Jane, his wife, that the use, possession, occupation, and enjoyment of the premises aforesaid, as are referred to in the deed of covenant of the 19th May, 1797, shall be extended beyond the natural life of the said Jane, to the life times” of her seven children, named in the deed — so long as such children, or either of them, shall survive, and collectively or individually, shall choose to remain in the occupancy, enjoyment, and possession of the premises aforesaid, after the decease of the said Jane.”
It is admitted, by the judgment of the Court, that this covenant creates a lease; and it is not disputed that the term granted is during the life of Jane Miller, and the joint lives of her seven children, and the life of the survivor of them.
The dissent relates to the quantity of land leased. By the Circuit Judge it was held that the lease was of the whole tract of land, on the east side of the stream 5 with the right to clear as much land, adjoining the settlement, as the lessees might have occasion to cultivate. By the Court, it is held that a lease for life is granted of the “ settlement,” or cleared portion of the land only; with the right to clear as *18 much land, adjoining the settlement, as the lessees might have occasion to cultivate.
The “ premises aforesaid,” which, by the covenant of May, 1797, were leased to Jane Miller, during her life, are described, in the recital of the deed, as “ the plantation, on which she (Jane Miller) now resides, on the east side of the said stream, (the Lower Three Runs,) together with the houses, out-houses and appurtenances, thereunto belonging; as also the use of as much land, on the east side of the said stream, during her natural life, as she may, for her individual purposes, have occasion to cultivate.”
All after the words “ together with,” is clearly an enlargement, and not a restriction, of the grant of the “ plantation.” If the description ended at the words “ as also,” can there be any doubt the whole tract of land, on the east side of the stream, would be comprehended 7 These terms of description daily occur in conveyances, and are, universally, without doubt or question, construed to include, not merely the settlement and clearing, but the whole tract. “ Plantation” is co-extensive with tract of land; the only difference being that the former is a settled tract. If one should covenant to convey “ the plantation, on which J. M. resides,” all men would agree that the tract of land, and not the settlement, was intended.
The “premises aforesaid,” which were granted to Jane Miller, during her life, by the deed of May, 1797, were, by the deed of 10th January, 1805, under which the defendant claims, granted to the children of Jane Miller, during their joint lives, and the life of the survivor-of them. The only difference is, that the “ use of as much land, on the east side of the stream,” as she might have occasion to cultivate,- was granted to Jane Miller; while to her\children is granted “ the use of as much land, adjoining the present improved plantation, as they may wish to clear and cultivate, in addition to the present clearing.” But this difference, in the grant, does not vary the construction of the deed.
After the grant to the children of Jane Miller, of “ the use, possession, occupation, and enjoyment of the premises aforesaid',” that is of “ the plantation, on which she (Jane Miller) resides, on the east side of the said stream, together with the house, out-houses and appurtenances thereunto belonging,” what is the effect of the addition, “ with as much land, adjoining the present improved plantation, as he, she or they, (the children,) at any time hereafter, may wish to clear and cultivate, in addition to the present clearing?” The lease of the “plantation” only, would have restricted the lessees’ '■cultivation to the fields open at ,the date of the deed. It would be waste if they cleared any more. This clause was, then, obviously added to make the lease of the plantation *19 more beneficial, by exempting it from impeachment of waste. It does not allow more land for cultivation than may have been supposed necessary for Jane Miller and her seven children, together with their issue. And in this connexion it should be noticed that the deed must be construed with reference to the time of its execution; and not the time when it may be the subject of an action.
1 Strob-
This construction is most consistent with the terms of the deed, and by it alone can the grantees claim any interest or estate in the tract, beyond the limits of the settlement, consistently with the law of real estate, which has heretofore prevailed.
The plaintiff having purchased the reversionary interest of Daniel Bourdeaux, entered on the tract, east of the stream, and is clearing and cultivating the land. The defendant is in possession of a part of the tract, in right of his wife, one of the children of Jane Miller. The action is for a trespass to the possession of the plaintiff. Other children of Jane Miller are liviug. But the deed is to be construed as if they were all alive. On a former trial of the case, the jury were instructed,,.that the right of the plaintiff to recover, depended on the question whether the part of the tract, of which defendant had possession, was reasonably sufficient for his cultivation. That must be the practical application and effect of the construction adopted by the Court.
•Let that construction be tested by the rules of law. The deed is construed to grant, to the ¡children of Jane Miller, an estate, for life,- in the settlement; with a covenant of Bour-deaux, that they shall have the use of as much additional land as they may wish, or may be necessary for them to clear and cultivate. This is not held to be a mere covenant, to make a lease or a grant1 of such additional land ; for such a covenant would transfer no interest or estate in the land. It would be a personal covenant, like a bond to make titles, and would give only a claim for damages in case of a breach. The use of the additional land is covenanted for, in the same words which grant the use of the settlement. The grantees must take the same legal estate in both. This is admitted by the judgment of the Court.
It has been received as a settled maxim, that a freehold estate cannot be created to commence in futuro. There may be several interests in possession, and in reversion or remainder, in the same land; but it is self-evident that the same land cannot be the subject of two or more independent, adverse titles or estates, existing together; nor can there be more than one legal right to the possession of land. But, under the construction of the Court, an estate for life must, from time to time, be created, as the increasing necessities of the children of Jane Miller may demand additional land for *20 cultivation. In the mean time, the grantor is allowed to occupy by force of his original title and estate, and to clear, 'cultivate and exhaust the land, in which he had granted an, estate for life. During the continuance of the estate of the grantees, the quantity they might have occasion to clear and cultivate, would be constantly varying, with the increase or diminution of the number to be supported on the land ; and the estate of the grantees thus be alternately extended and reduced, by a sort of ebb and flow of their title over the land.
Sfeep. Touch. 278.
Bac. Abr. Grant, H.
Habart, 174,
It is not a technical rule, but one of practical necessity, that a grant which does not certainly describe the thing granted, is void. “ If one grant land • but there be no circumstantial matter, in the grant, to' denote and decypher where it may be, it seems the grant is void for uncertainty.” “If a grant be incertain altogether, and has not sufficient certainty in it, and cannot be made certain by some matter, ex post facto, it is void.” In Stukely v. Butler, the grant of all the trees, which can conveniently be spared and cut, without injury to the estate, was held void for uncertainty.
Nothing can be more uncertain than the quantity of land the seven children of Jane Miller might wish to clear and cultivate. Even if the grant be construed to be of so much land as they might reasonably require for cultivation, there would exist an invincible uncertainty. The quantity would vary, every year, as they became able to labor, and should marry, and their offspring become laborers. Death and removal would increase the uncertainty. It is impossible for the law to give effect to so ambulatory a grant. The possession given, one year, might require to be increased the next; and an increase be immediately followed by a lessened demand from death or removal. No better illustration can be presented, than this case affords, of the necessity of the rule which holds an uncertain grant to be void. While, by the decision, it is admitted the grantees have an estate for life in so much land, outside the settlement, as they may wish to clear and cultivate; it is, at the same time, affirmed that the grantor retains his estate in all the tract, except the settlement. The grantor may pve-occupy and exhaust the land granted; and the plaintiff, claiming under the grantor, does, in fact, occupy and cultivate a large pari of it. Thus two estates co-exist in the same land, and the possession of the grantor and grantees is regulated by a sliding scale of the grantees’ variable wants.
Heretofore it has been law, that land could only be conveyed by deed. It is necessary that the deed should express not only the interest or estate, but also the quantity of land granted, by such a description as designates it with certainty. But under the decision, reference is not had to the deed to ascertain how much land is granted ; but it is left to the jury *21 to determine how much it is reasonable the grantees should have. I shall add nothing respecting the merits of this new mode of conveyance, by which a title to land is transferred by the verdict of a jury, nor of the new species of tenure, which defines the extent of a grant by the wants of the grantee, as they may vary with time and circumstances; and which must be added to the estates recognised by law, under the description of a tenancy by jury.